```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────
MOISES ORTEGA,

                    Plaintiffs,           14 Cv. 9703 (JGK)

         - against -                      ORDER OF SERVICE

UNITED STATES DEPARTMENT OF
EDUCATION, ET AL.,

                    Defendants.
────────────────────────────────────────
```

JOHN G. KOELTL, District Judge:

Plaintiff Moises Ortega, proceeding *pro se* and *in forma pauperis*, filed this action asserting claims that the Court construes as arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). Although § 1915(e)(2)(B) mandates dismissal on any of these grounds, the Court is "obligated to construe *pro se* pleadings liberally," Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," Triestman v. Fed. Bureau

of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).

## BACKGROUND

In his original complaint, the plaintiff named as defendants the United States Department of Education; the assistant principal of Bronx Public School ("P.S.") 211, Blanca Torres Mutt; P.S. 211 Principal Tanya Drummond; P.S. 211 student Francisco Moya; Bronx Office of Student Suspensions & Hearings attorney Keith Kerulo; and Advocates for Children employee Nicholas James Sheehan.

The plaintiff is deaf, and his son, J.O., attends P.S. 211. J.O. apparently was facing suspension, and the plaintiff met with Torres about the matter on September 30, 2014.  Torres denied the plaintiff's request for a sign language interpreter and instead suggested that J.O. could interpret for the plaintiff or that the plaintiff could read lips.  Torres showed the plaintiff "paperwork" regarding the incident, and J.O. disputed its contents and reported that a police officer had been threatening and abusive.  After Principal Drummond arrived, the meeting ended inconclusively.  There was a hearing at the Bronx Office of Student Suspensions & Hearings on October 9, 2014; it is not clear what occurred at that hearing.  The plaintiff left a transcript of the hearing at Advocates for Children with the understanding that Sheehan would review it and

help the plaintiff in some way; apparently Sheehan did not do so.

By order dated January 7, 2015, Chief Judge Preska: (1) directed the plaintiff to amend his complaint to allege the personal involvement of each defendant and to provide more facts about what occurred; (2) dismissed the United States Department of Education as a defendant because it had no apparent role in the underlying events; and (3) explained that because Moya and Sheehan were not state actors, Plaintiff could not state § 1983 claims against them.  After Plaintiff submitted an amended complaint, which is not significantly different from his original pleading, the case was reassigned to this Court.

## DISCUSSION

Chief Judge Preska's Order to Amend informed the plaintiff that his complaint did not comply with federal pleading rules because he had not explained what occurred or how each defendant violated his rights.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

The only defendant whose conduct was clear from the original complaint was Torres, who allegedly denied the plaintiff access to a sign language interpreter. Chief Judge Preska gave the plaintiff an opportunity to amend his complaint and explained that the original pleading did not explain why each defendant should be held liable for what allegedly occurred. However, the amended complaint is similarly deficient.

In light of the information provided to the plaintiff in the Order to Amend, the plaintiff was given the opportunity to state a claim against the defendants, but has failed to do so except for Torres. Accordingly, the only defendant who remains in the action is Torres. The plaintiff may seek to file an amended complaint if facts exist to state claims against the other defendants. In addition, although Chief Judge Preska dismissed the United States Department of Education from the action, that entity is listed as a defendant in the amended complaint. The United States Department of Education remains dismissed from the action.

### ORDER OF SERVICE

To allow the plaintiff, who is proceeding *in forma pauperis*, to effect service on Assistant Principal Blanca Torres Mutt through the United States Marshals Service, the Clerk of Court is instructed to send the plaintiff one United States

Marshals Service Process Receipt and Return form ("USM-285 form"). Within thirty days of the date of this order, the plaintiff must complete the USM-285 form and return it to the Court.

If the plaintiff does not wish to use the Marshals Service to effect service, the plaintiff must notify the Court in writing within thirty days of the date of this order and request that a summons be issued directly to the plaintiff. If within thirty days, the plaintiff has not returned the USM-285 forms or requested a summons, under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute.

Upon receipt of the completed USM-285 form, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Blanca Torres Mutt.

No matter what method of service the plaintiff chooses, the plaintiff must effect service within 120 days of the date the summons is issued. It is the plaintiff's responsibility to inquire of the Marshals Service as to whether service has been made and if necessary, to request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012). If within 120 days of issuance of the summons, the plaintiff has not made service or requested an extension of time

5

in which to do so, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute.  Finally, it is the plaintiff's obligation to promptly submit a written notification to the Court if the plaintiff's address changes, and the Court may dismiss the action if the plaintiff fails to do so.

## CONCLUSION

With the exception of Blanca Torres Mutt, all defendants are dismissed from the action without prejudice.  The Clerk of Court is directed to send to the plaintiff one USM-285 Form.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**Dated:    New York, New York
           February 6, 2015**                    _____/s/_____
                                                   **John G. Koeltl
                                                United States District Judge**