**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
───────────────────────────────────────

**ORTEGA,**                                                      14-cv-09703 (JGK)

                  **Plaintiff,**                  <u>**MEMORANDUM OPINION AND**
**ORDER**</u>

    - against -

**MUTT,**

                  **Defendant.**

───────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The defendant, Blanca Torres Mutt, has moved to dismiss the Amended Complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, as a sanction for failure to comply with this Court's Orders pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). The plaintiff, Moises Ortega, proceeding *pro se*, has failed to respond to the motion. It is plain that the case should be **dismissed** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[1]

    Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 87 (2d Cir. 1995). A district court contemplating dismissal of a plaintiff's claim for failure

───────────────────────────────────────
[1] Accordingly, it is unnecessary to address the defendant's alternative grounds for dismissal.

to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of [the] plaintiff's failures or noncompliance; 2) whether [the] plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) [the court's] interest in managing its docket against [the] plaintiff's interest in receiving an opportunity to be heard; and 5) . . . the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b). United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004); see also Avila v. Comm'r of Soc. Sec., No. 15-CV-2456 (JGK), 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016).

It is unnecessary to catalogue in detail all of the ways in which the plaintiff has failed to prosecute this action. Briefly, the plaintiff has failed to engage in the discovery process in any meaningful way. See, e.g., Dervin Decl. ¶¶ 4-5, 7. For example, pursuant to the Original Scheduling Order dated September 15, 2015, the plaintiff's initial disclosures were to be due on October 16, 2015, with all discovery to be completed by February 26, 2016, see Dkt. 14; more than seventeen months later, the plaintiff's initial disclosures, as well as his

2

responses to even basic discovery requests, remain outstanding. See, e.g., Dervin Decl. ¶¶ 25, 27.

Following a conference before this Court on April 19, 2016, to address the plaintiff's failure to engage in discovery, see Dkt. 19, this Court issued a Revised Scheduling Order that extended the close of discovery to July 15, 2016. See Dkt. 26. The plaintiff continued to fail to comply with his discovery obligations, see, e.g., Dervin Decl. ¶¶ 17-18, prompting the defendant to move to compel discovery and to seek another discovery extension. Dkt. 28.

Following another conference before this Court on July 21, 2016, this Court extended the close of discovery to October 28, 2016 to provide the plaintiff time to retain counsel, and ordered the plaintiff to provide the defendant with initial disclosures and other discovery materials by September 2, 2016, and to "provide answers to interrogatories and documents requests to the defendants" by September 16, 2016. Dkt. 33. This Court warned that the "plaintiff is required to participate in discovery. *Failure to participate in discovery will result in dismissal of the plaintiff's case*." Dkt. 33 (emphasis added).

The plaintiff ignored these deadlines. See, e.g., Dervin Decl. ¶ 22. On October 19, 2016, the defendant filed a letter motion to dismiss the case for failure to prosecute. Dkt. 35. In response, on October 24, 2016, this Court ordered the plaintiff

3

to comply with certain discovery obligations by November 25, 2016, and extended the close of discovery to December 9, 2016. Dkt. 36. The Court advised that, "If the parties do not comply with their discovery obligations, the parties may move for sanctions or any other appropriate relief, including the dismissal of this case, or a default judgment." Dkt. 36. The plaintiff again ignored the Court's directives, see, e.g., Dervin Decl. ¶ 27, and this motion followed. The Court advised that the plaintiff should respond to the motion by February 13, 2017, see Dkt. 38, which the plaintiff has not done.

"This case cannot proceed without the plaintiff's prosecution of it and his availability and willingness to respond to discovery requests." Beauford v. Doe #1, No. 04 CIV. 7533 (JGK), 2007 WL 549432, at *2 (S.D.N.Y. Feb. 16, 2007). The plaintiff's conduct during the preceding approximately year and a half clearly warrants dismissal for failure to prosecute, especially in light of this Court's repeated reminders with respect to the plaintiff's discovery obligations and the warnings that failure to comply with those discovery obligations would result in dismissal. See, e.g., Avila, 2016 WL 1562944, at *3; Wingate v. Ctr., No. 12 CIV. 2134 (JGK), 2014 WL 3346319, at *1 (S.D.N.Y. July 1, 2014); Waters v. Camacho, 288 F.R.D. 70, 71 (S.D.N.Y. 2013); Varney v. Batman, No. 08cv9702 (SHS), 2012 WL 1080137, at *1 (S.D.N.Y. Mar. 30, 2012).

4

The Court has considered various alternatives and it is clear that dismissal without prejudice is a reasonable, lesser sanction, rather than dismissal with prejudice. Any prejudice to the defendant from awaiting the plaintiff's discovery responses has been minor. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001) ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or specially burdensome, prejudice to defendants beyond the delay itself."). "[U]nder the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." Amoroso v. County of Suffolk, No. 08 Civ. 826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010). Ultimately, "[d]ismissal without prejudice, rather than dismissal with prejudice, is proper because courts considering dismissal for failure to prosecute pursuant to Rule 41(b) must consider the efficacy of lesser sanctions." Wingate, 2014 WL 3346319, at *1 (citing Reeder v. Hogan, 515 F. App'x 44 (2d Cir. 2013) (summary order)).

The Amended Complaint is **dismissed** without prejudice for failure to prosecute. The Clerk of the Court is directed to

enter judgment and to close this case. The Clerk is also directed to close all pending motions.

**SO ORDERED.**

**Dated:      New York, New York
             March 23, 2017**                    _____/s/_____
                                                        **John G. Koeltl
                                                 United States District Judge**